**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Cielo Jean Gibson, | |
| Plaintiff, | |
| v. | **Case No.** CIV-23-628-F |
| JGA Corporation dba Longears Club, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Cielo Jean Gibson ("Plaintiff"), by and through her undersigned attorneys, for her Complaint and Jury Demand, respectfully alleges, based on personal knowledge as to facts relating to herself and upon investigation of counsel for all other allegations, against JGA Corporation ("Defendant"), doing business as Longears Club in Earlsboro, Pottawatomie County, Oklahoma (the "Club"), as set forth below:

### I.      BACKGROUND

1.      This case is about a strip club's unauthorized commercial use a professional model's likenesses in the strip club's advertisements.

2.      Defendant's wrongful conduct, as further described below, gives rise to Plaintiff's claims against Defendant under the federal Lanham Act, 15 U.S.C. § 1125(a), under Oklahoma's right of publicity statute, under Oklahoma common law, and under principles of equity, entitling Plaintiff to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

1

## II.  JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges Defendant violated the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

4.     Venue is proper in this district under 28 U.S.C. § 1391 because Defendant is in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## III.  PARTIES

### A.     Plaintiff

5.     Plaintiff Cielo Jean Gibson, also known as CJ Gibson, is a well-known professional model residing in California who has appeared in promotions for the Falken Drift team, as a ring girl for Top Rank Boxing, in numerous magazines including *Import Tuner*, *FHM*, *American Curves*, and *Muscle & Fitness*, as a model for Dreamgirl International in their catalogs, in advertising campaigns for Patron Tequila, Crestwood Technology, Svedka Vodka, Custo Barcelona Clothing, and Bowflex, and who has over 75,000 combined social media followers.

### B.     The Club and Defendant

6.     "Longears Club" is located at 12512 Valley View Rd., Earlsboro, OK 74804 in Pottawatomie County.

7.     The Club is a "strip" or "gentlemen's" club.

8.     Defendant JGA Corporation ("Defendant") is an Oklahoma domestic for profit business corporation, filing number 1900647217.

9.    Defendant holds Oklahoma Mixed Beverage License 470069 with the doing business as name of LONGEARS CLUB at the premise address of the Club.

10.    Defendant's registered agent as listed by the Oklahoma Secretary of State is Andy Jay, 124 North Broadway, Shawnee, OK 74801.

11.    On information and belief, Defendant owns, operates, and manages the Club.

12.    As the owner, operator, and manager of the Club, Defendant is ultimately responsible for the production and posting of advertisements for the Club by the Club's officers, managers, employees, agents, or independent contractors.

## IV.    FACTS

### A.    Plaintiff has a commercial interest in her image.

13.    As described above, Plaintiff is a well-known professional model who has earned compensation by, among other things, commercializing her image, identity, likeness, pictures, photographs, trade dress, and advertising ideas (collectively, Plaintiff's "image") for many business endeavors, including the advertisement and promotion of publications, products, and services through negotiated, arms-length transactions with third-party commercial brands and companies.

14.    As a professional model, Plaintiff's business includes trading on her inherently distinctive look and physical attractiveness to bring attention to the publications, products, brands, and services that she chooses to affiliate with.

15.    A model's reputation and ability to control use of their image in commercial advertisements directly impacts the amount of monetary compensation the model can earn through her modeling work.

16.    Plaintiff has the right to control the commercial exploitation of her image and has maintained that right.

17.    Plaintiff expended substantial effort, resources, and time in building and protecting her reputation and brand in the modeling industry.

18.    Plaintiff carefully considers and vets the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of her image by that client.

19.    Plaintiff's career in modeling has substantial value derived from the goodwill and reputation she has built.

20.    Unauthorized commercial use of Plaintiff's image deprives her of the fair market value compensation to which she would have been entitled for authorized commercial use of her image in an advertisement, and further diminishes, defames, and disparages the goodwill and reputation Plaintiff has built, and the amount of future compensation Plaintiff can command, for the licensed or authorized commercial use of her image.

21.    Furthermore, use of Plaintiff's image by Defendant is personally embarrassing and defamatory as Plaintiff is not and never was a stripper at Defendant's Club.

22.    Plaintiff vigorously defends against unauthorized commercial use of her image by unauthorized third parties like Defendant.

**B.      Defendant Used Plaintiff's Image in Advertisements for the Club to Promote Defendant's Business Interests.**

23.     Defendant uses a social media account to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

24.     Defendant is ultimately responsible for the advertising content posted by or on behalf of the Club by the Club's officers, managers, employees, agents, or independent contractors.

25.     The   Club's   social   media   includes   the   Facebook   Account https://www.facebook.com/profile.php?id=100052388240962  (the Club's "Social Media Account").

26.     Defendant controls its own use of the Club's Social Media Account to advertise and promote the Club.

27.     Defendant used Plaintiff's image in an advertisement published by or for Defendant on the Club's Social Media Account for the purpose of advertising, marketing, and promoting the Club, all without consent, authorization, or legal right.

28.     Specifically, Defendant's unauthorized use of Plaintiff's image includes at least the following advertisement published on the Club's Social Media Account, identified by date published and uniform resource locator (URL) at which the advertisement is found, as follows:

1)     1/31/2020,

https://www.facebook.com/117820288243666/photos/4050609354964720/

29.     Attached as Exhibit A to this Complaint is a true and correct copy of the content found at the URL listed above.

30.     Plaintiff did not discover Defendant's unauthorized uses of Plaintiff's image in Defendant's advertisements for the Club until shortly before the filing of this complaint, when a review of Defendant's publicly accessible Social Media Account led to the discovery of the unauthorized advertisement listed above.

31.     As of the date of this complaint, the Club's advertisement featuring Plaintiff's image remains posted live on the Club's Social Media Account and is an ongoing and continuing violation of Plaintiff's rights.

32.     By using Plaintiff's image in Defendant's advertisement for the Club as listed above, Defendant falsely represented to the public at large, as well as to future advertising clients that may wish to hire Plaintiff in the future, that Plaintiff endorses, is affiliated with, is associated with, would perform at, or agreed to advertise the Club, and/or approves of the full or partially nude live entertainment activities believed to be taking place at the Club, when, in fact, Plaintiff had and has no connection or agreements with the Club or with Defendant whatsoever.

33.     Defendant used Plaintiff's image to derive commercial benefit from some of the same qualities of Plaintiff, including her physical look, attractiveness, distinctive appearance, and advertising idea of using same to bring attention to a third-party product or service, that Plaintiff trades on to earn income for herself.

34.     In the advertisement listed above, Plaintiff is readily identifiable in that persons seeing the advertisement with the naked eye can reasonably determine that the person depicted in the advertisement is Plaintiff.

35.     Defendant has no right, consent, authority, license, or authorization to use Plaintiff's image in Defendant's commercial advertisement for the Club.

36.     Defendant knew or should have known that they had no right to use Plaintiff's image in commercial advertisements making Defendant's unauthorized use of same knowing, willful, and intentional, or, in the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its managers, employees, or contractors, and reasonable care in the promulgation of advertising policies and procedures, making Defendant's conduct as alleged herein reckless or negligent.

**C.      Defendant's Unauthorized Use of Plaintiff's Image in an Advertisement for the Club Harmed and Damaged Plaintiff**

37.     In prior instances of authorized commercial marketing and use of Plaintiff's image by third parties, Plaintiff negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

38.     Defendant never hired or contracted with Plaintiff to advertise, promote, market, endorse, or participate in the Club.

39.     Defendant never sought Plaintiff's permission to use any image to advertise the Club, or for any other purpose.

40.     Plaintiff never gave Defendant permission to use Plaintiff's image nor did Plaintiff otherwise authorize, license, assign, or grant Defendant any right to use same for commercial purposes.

41.     Defendant never paid Plaintiff for any use of Plaintiff's image.

42.     Defendant's unauthorized use of Plaintiff's image was and is false, misleading, and confusing as it implies a commercial connection between Plaintiff and the Club that simply does not exist and challenges Plaintiff's ability to control commercial exploitation of her image.

43.     Plaintiff has been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiff's image as Plaintiff has been deprived of the fair market value compensation she would have otherwise received for the commercial use of same if she had been willing to license same for use by Club – which she was not – resulting in damages, the total amount of which will be established by proof at trial.

44.     Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use as such use causes Plaintiff to lose her exclusive right to control the commercial exploitation of her image, resulting in damages, the total amount of which will be established by proof at trial.

45.     Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiff could otherwise obtain in commercializing her image, resulting in damages, the total amount of which will be established by proof at trial.

46.     Furthermore, on information and belief, as a direct and proximate result of Defendant's unauthorized use of Plaintiff's image, Defendant made profits or gross revenues that should be disgorged to Plaintiff in an amount to be established at trial.

## V.    CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

47.    Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

48.    The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

49.    Defendant is liable to Plaintiff for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

50.    Plaintiff, through her career in modeling, attractiveness, and individually distinctive physical look, has attained a degree of fame, celebrity, and public prominence.

51.     Plaintiff has appeared in numerous authorized advertising campaigns and publications and has a substantial social media following.

52.     Plaintiff earns or has earned compensation by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

53.     Plaintiff possesses a valid and protectable interest in her persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

54.     Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her image.

55.     Prior to authorizing the use of her image, Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

56.     Plaintiff did not authorize Defendant's use of Plaintiff's image, nor did Plaintiff grant anyone else authority to authorize Defendant's use of Plaintiff's image.

57.     Defendant is responsible for the placement of Plaintiff's image on or in advertisements promoting the Club on the Club's Social Media Account without consent, license, authorization, or legal right.

58.     Defendant's unauthorized use of Plaintiff's image is ongoing and continuing as of the date of this Complaint.

59.     In Defendant's advertisement for the Club that contains Plaintiff's image, Plaintiff is depicted and readily identifiable.

60.     Defendant's misappropriation of Plaintiff's image in Defendant's advertisement for the Club creates the false impression that Plaintiff is affiliated with,

associated with, has endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club or the partially or fully nude live entertainment activities believed to take place at the Club.

61.     Plaintiff, however, has never been employed by, performed at, danced at, or affiliated herself in any way with the Club or Defendant.

62.     Plaintiff would not agree to allow her image to be used to promote the Club and would not and does not endorse the Club or the Club's partially or fully nude live entertainment activities.

63.     Defendant placed its advertisement for the Club containing Plaintiff's image on the same social media marketing channels used in interstate commerce by Plaintiff to promote both herself and the third-party brands, products, and services Plaintiff chooses to promote.

64.     Defendant's misappropriation of Plaintiff's image is likely to cause confusion as to Plaintiff's association with, affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's partially or fully nude live entertainment activities.

65.     On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiff's affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's partially or fully nude live entertainment activities.

66.     Defendant knew or should have known that they had no right to use Plaintiff's image to promote or advertise the Club.

67. Defendant knew or should have known that obtaining the right to use Plaintiff's image would have required consent and substantial compensation.

68. Defendant's unauthorized use of Plaintiffs' image without seeking her consent under these circumstances constitutes willful and deliberate conduct.

69. In the alternative, Defendant recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of only images in advertisements for which Defendant had legal right.

70. As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiff was associated with, affiliated with, performed at, endorsed, or otherwise promoted the Club or the Club's partially or fully nude live entertainment activities.

71. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiff as damages.

72. As direct and proximate result of Defendant's actions as described herein, Plaintiff has suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiff would have otherwise received for the authorized use of her image, and harm to Plaintiff's goodwill and reputation, which has been disparaged and defamed by Defendant's conduct, all in an amount to be established at trial.

73. Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's Lanham Act claims and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT II**
**Violation of Okla. Stat. tit. 12 § 1449**
**Unauthorized Use of Another's Right of Publicity**

74. Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

75. Okla. Stat. tit. 12, § 1449(A) creates a statutory civil action for unauthorized use of another person's right of publicity.

76. By posting the advertisement listed in detail above on social media without first obtaining permission from Plaintiff, Defendant knowingly used Plaintiff's image for the purposes of advertising Defendant's goods and services, particularly the Club, without Plaintiff's consent.

77. Plaintiff is readily identifiable in Defendant's advertisement for the Club as one who views Defendant's advertisement for the Club with the naked eye can reasonably determine that the person depicted in the advertisement is the same person who is complaining of Defendant's unauthorized use.

78. Defendant's use of Plaintiff's image is not incidental but is instead essential to Defendant's advertising purpose as it is Plaintiff's qualities as a model (including her physical look) that Defendant used to advertise, promote, and bring attention to its Club.

79.     Defendant's use of Plaintiff's image was not in connection with any news, public affairs, or sports broadcast or account, or any political campaign, rather, Defendant's use was to advertise and attract patronage to the Club.

80.     Defendant's use of Plaintiff's image is directly connected to Defendant's commercial purpose of advertising and attracting patronage to the Club.

81.     Defendant's use of Plaintiff's image without payment or consent to advertise the Club damaged Plaintiff by depriving her of the fair market value compensation Plaintiff would have otherwise been entitled to for authorized use of Plaintiff's image, damaged Plaintiff's reputation in the modeling industry by taking away Plaintiff's right to control commercial use of her image, and defamed Plaintiff.

82.     In addition, on information and belief, Defendant made profits from their unauthorized use of Plaintiff's image attributable to such use by attracting patronage to the Club.

83.     Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's statutory unauthorized use of another person's right of publicity claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as authorized by statute and as to this Court seems just, proper, and equitable.

## COUNT III
## Violation of Plaintiff's Common Law of Right of Publicity

84.     Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

85.     Plaintiff's image is an element of Plaintiff's identity.

86.     Plaintiff's image has significant commercial value.

87.     As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiff's image on Defendant's Social Media Account without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club and the Club's events and activities.

88.     Accordingly, Defendant appropriated for their own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of Plaintiff without consent.

89.     Plaintiff's face and body is clearly visible and readily identifiable and distinguishable in Defendant's advertisement for the Club.

90.     Plaintiff never consented to, authorized, licensed, or otherwise permitted Defendant's use of her image for any purpose.

91.     Defendant did not use Plaintiff's image in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

92.     Defendant did not use Plaintiff's image primarily for the purpose of communicating information or expressing ideas, rather, Defendant used Plaintiff's image primarily for the purpose of commercially advertising Defendant's Club.

93.     Defendant acted intentionally in using Plaintiff's image and, knowing they did not have permission to use the image, posted the images to Defendant's Social Media

Account to market Defendant's Club and its activities and events without the authorization of Plaintiff, appropriating for Defendant's own benefit the image of Plaintiff.

94.     In the alternative, Defendant acted with reckless disregard to Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiff's image on its Social Media Account for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

95.     In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiff's image on its Social Media Account for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

96.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image for Defendant's commercial benefit.

97.     Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of photoshoots, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

98.     Defendant's unauthorized use, alteration, and appropriation of Plaintiff's image has and will continue to directly and proximately damage Plaintiff, her reputation, and her brand by attributing to Plaintiff a false association with, involvement with, or

endorsement of Defendant's Club and the Club's live fully or partially nude adult entertainment related activities.

99.   As a direct and proximate result of Defendant's misappropriation of Plaintiff's image, Defendant has damaged Plaintiff by failing to compensate her for the fair market value of use of her image, and by causing harm to Plaintiff's goodwill and reputation, which has been disparaged and defamed by Defendant's conduct.

100.   As a direct and proximate result of Defendant's misappropriation of Plaintiff's image, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains.

101.   Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of publicity claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT IV**
**Violation of Plaintiff's Common Law of Right of Privacy – Appropriation**

102.   Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

103.   Plaintiff restates and re-alleges paragraphs 85 - 100 herein, as a common law right of privacy – appropriation claim is identical to a common law right of publicity claim but for the additional inclusion within a common law right of privacy – appropriation claim

of an additional element of recoverable damages for harm to Plaintiff's personal, as opposed to solely commercial, interests.

104.    As a direct and proximate result of Defendant's misappropriation of Plaintiff's image, Defendant damaged Plaintiff personally by stating or implying that Plaintiff was a stripper at Defendant's Club when Plaintiff was not, embarrassing Plaintiff personally.

105.    Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of privacy appropriation claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Violation of Plaintiff's Common Law of Right of Privacy – False Light**

106.    Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

107.    By placing pictures of Plaintiff in which Plaintiff's face and body is identifiable on Defendant's public social media account in a commercial advertisement for Defendant's adult entertainment or "strip" club, at which live fully or partially nude entertainment activities take place, and thereby stating, inferring, or implying that Plaintiff would be performing at or allowed use of her image by Defendant's Club, Defendant placed Plaintiff in a false light that would be highly offensive to a reasonable person, as Plaintiff does not perform at or choose to affiliate herself with Defendant's live fully nude or partially nude entertainment venue, and Defendant acted with knowledge or in reckless

disregard as to the falsity of Plaintiff's association with the live fully or partially nude entertainment activities at Defendant's Club.

108.    As a direct and proximate result of Defendant's placement of Plaintiff in a false light, Defendant has injured, disparaged, defamed, and damaged Plaintiff personally and further damaged Plaintiff's goodwill and reputation, entitling Plaintiff to an award of damages.

109.    Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of privacy false light claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT VI
## Common Law Negligence

110.    Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

111.    Upon information and belief, Defendant was negligent in their failure to supervise the Club's managers, employees, or contractors, and further negligent in their failure promulgate policies and procedures, with respect to the use of only such images in advertising on Defendant's Social Media Account for which Defendant had legal right and authority.

112.    Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages Plaintiff suffered when

Defendant used and published Plaintiff's image in Defendant's advertisement for the Club, defaming and disparaging Plaintiff and her goodwill, reputation, and brand.

113.    In the alternative, upon information and belief, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Account for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, or contractors, and failed to exercise reasonable supervision of managers, employees, or contractors.

114.    In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and likenesses of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, and contractors involved in Defendant's advertising activities.

115.    As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiff has suffered damages and demands judgment against Defendant on Plaintiff's negligence claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT VII
## Unjust Enrichment

116.    Plaintiff re-states and re-alleges paragraphs 1 through 45 above and incorporates the same by reference as though fully set forth herein.

117.     As previously alleged, Defendant used Plaintiff's image to advertise and promote Defendants' Club and its activities, thereby driving customers, business, and revenue to Defendant.

118.     Accordingly, Plaintiff conferred a benefit on Defendant.

119.     Defendant knew or should have known that they benefited from the use of Plaintiff's image as is evident from the fact that Defendant published Plaintiff's image to promote and advertise Defendant's Club and its activities.

120.     Although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image for commercial benefit, Defendant retained the benefits of using Plaintiff's image without compensating Plaintiff.

121.     Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of photoshoots, payments to Plaintiff's agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

122.     Defendant's unauthorized use and alteration of Plaintiff's image has and will continue to directly and proximately cause harm and damage to Plaintiff, her reputation, and her brand by attributing to Plaintiff an association with, involvement with, or endorsement of the Club.

123.   As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiff by failing to compensate her for the value of the misappropriated use of her image and by associating her with Defendant's Club without Plaintiff's consent.

124.   As a direct and proximate result of the benefit Plaintiff conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains as remuneration.

125.   Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's unjust enrichment equitable claim and entry of an order awarding Plaintiff restitution, injunctive relief, equitable relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## VI.   DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant on the claims listed above as follows:

1.   For actual, consequential, and incidental damages in an amount to be proven at trial.

2.   For the amount due, owing, and unpaid to Plaintiff as actual damages in the amount of the fair market value compensation Plaintiff would have otherwise received for use of her image in Defendant's advertisements.

3.   For trebling of damages or statutory damages as permitted by law.

4.   For prejudgment interest in an amount permitted by law.

5.   For disgorgement of Defendant's profits.

6.      For a permanent injunction barring Defendant's use of Plaintiff's image in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to direct removal of all uses of Plaintiff's image from the Club's Social Media Account.

7.      For costs of this lawsuit.

8.      For reasonable attorneys' fees.

9.      For all such other and further relief as to this Court seem just, proper, and equitable.

## VII.   JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable in the above matter.

Dated: July 19, 2023                      Respectfully submitted,

/s/ Joshua D. Wells
Joshua Wells, OBA 22334
JD Wells & Associates
15205 Traditions Lake Parkway
Oklahoma City, Oklahoma 73013
Telephone: (405) 225-2300
Facsimile: (205) 225-2301
Email: jwells@jdwellslaw.com
*Attorney for Plaintiffs and Local Counsel*
 - & -
Edmund S. Aronowitz
MI Bar No. P81474 (*pro hac vice application to be filed forthwith*)
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
Email: edmund@aronowitzlawfirm.com
*Attorney for Plaintiffs and Lead Counsel*