# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CIELO JEAN GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CIV-23-628-F |
| | ) |
| JGA CORPORATION d/b/a LONG | ) |
| EARS CLUB, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant JGA Corporation d/b/a Long Ears Club (Long Ears Club)[1] has moved, pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint of plaintiff, Cielo Jean Gibson (Gibson).[2] Doc. no. 15. In Count I of the complaint, Gibson alleges violations of, and seeks relief under, the Lanham Act, specifically, 15 U.S.C. §§ 1125(a)(1)(A) and 1125(a)(1)(B), and in Counts II through VII, Gibson alleges violations of, and seeks relief under, Oklahoma statutory and common law. Gibson has responded to the motion, opposing dismissal. Doc. no. 16. The time for reply has expired; the matter is at issue. Upon consideration of the parties' submissions, the court makes its determination.

According to the complaint, Gibson is a well-known professional model residing in California. She has appeared in numerous magazines, catalogs, and

---

[1] The complaint identifies defendant JGA Corporation d/b/a "Longears Club." Defendant represents itself as d/b/a "Long Ears Club." For purposes of this order, the court will use Long Ears Club.

[2] According to the complaint, Gibson is also known as CJ Gibson.

advertising campaigns, and has a substantial social media following. Long Ears Club is a strip or gentlemen's club located in Earlsboro, Oklahoma.

Gibson alleges that as a professional model, her business includes trading on her inherently distinctive look and physical attractiveness to bring attention to publications, products, brands, and services with whom she chooses to affiliate. She alleges that a model's reputation, and the ability to control use of her image in commercial advertisements, directly impacts the amount of monetary compensation she can earn through her modeling work. Gibson alleges that she has the right to control the commercial exploitation of her image and has maintained that right.

Gibson alleges that she has expended substantial effort, resources, and time in building and protecting her reputation and brand in the modeling industry. She alleges that prior to authorizing the use of her image, she carefully considers the reputation of the potential client and the good or service being promoted. She alleges that her career in modeling has substantial value derived from the goodwill and reputation she has built.

In her complaint, Gibson alleges that Long Ears Club used, without authorization, her image in an advertisement published on its social media account, specifically, a Facebook account. The purpose of the unauthorized use, Gibson alleges, was for advertising, marketing, and promoting the club. Gibson alleges that as of the date the complaint's filing, the advertisement featuring her image remained posted live on the social media account.

In her complaint, Gibson alleges that by using her image in its advertisement, Long Ears Club falsely represented to the public at large, as well as to future advertising clients that may wish to hire her, that she endorses, is affiliated with, is associated with, would perform at, or agreed to advertise the club, and approves of the full or partially nude live entertainment activities believed to be taking place at the club, when, in fact, she had and has no connection or agreements with the club.

According to Gibson, Long Ears Club has used her image to derive commercial benefit from some of her same qualities that she trades on to earn income for herself.

Gibson alleges that the unauthorized use of her image deprives her of the fair market value compensation to which she would have been entitled for the authorized commercial use of her image in an advertisement, and further diminishes, defames, and disparages the goodwill and reputation that she has built and the amount of compensation from future clients that she can command.  In addition, it has caused her to lose her exclusive right to control the commercial exploitation of her image, which she has possessed, maintained, and safeguarded.  Further, the unauthorized use is personally embarrassing and defamatory to her as she is not, and never was, a stripper at the Long Ears Club.

Count I of the complaint alleges that Long Ears Club's conduct violates § 1125(a)(1)(A) of the Lanham Act, by false association or false endorsement, and violates § 1125(A)(1)(B) by false advertising.  Gibson seeks compensatory and equitable relief for the violations.

In its motion, Long Ears Club seeks dismissal of Count I, claiming that Gibson has not pled sufficient acts or injury to establish standing under the Lanham Act.  It additionally claims that Count I is precluded under the "first sale" doctrine.  Because dismissal of Count I is appropriate on the grounds asserted, Long Ears Club additionally claims that Counts II through VII, alleging only state law claims, should be dismissed for lack of subject matter jurisdiction, specifically, lack of diversity jurisdiction.

With respect to standing, Long Ears Club acknowledges that on January 31, 2020, it posted on its Facebook account a photograph of "retail packaging of a nurse's novelty costume" which purportedly included Gibson's image. Doc. no. 15, ECF p. 2.  And it also acknowledges that Gibson sufficiently alleges in the complaint that she has an interest in her general likeness as a model.  However, Long Ears Club

contends that Gibson fails to allege any facts to show that she has an interest in the specific likeness in the retail packaging that was posted on its Facebook account. According to Long Ears Club, the complaint is devoid of any factual allegations of the terms of the modeling contract that generated the photograph in the retail packaging and whether Gibson retained any rights in that photograph. Long Ears Club contends that Gibson must allege ownership of the specific likeness in the retail packaging to establish her standing to bring her Lanham Act "false association" claim. Doc. no. 15, ECF pp. 2-4. Further, Long Ears Club asserts that Gibson's complaint fails to establish her standing to bring her Lanham Act "false advertising" claim because it is devoid of any factual allegations which establish an injury to a commercial interest in reputation or sales. *Id.*, at ECF p. 5.

In addition, Long Ears Club contends that Gibson's Lanham Act claims fail as a matter of law under the "first sale" doctrine. That doctrine, Long Ears Club asserts, precludes individuals from accepting "compensation for their likeness, and then complain[ing] when the likeness is used downstream by a purchaser or subsequent vendor." Doc. no. 15, ECF p. 6. Because the complaint fails to allege that Gibson continued to maintain an interest in the specific likeness and photograph it posted on the Facebook account, Long Ears Club contends the "first sale" doctrine applies, and the Lanham Act claims should be dismissed.

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing a facial attack, the court must accept the allegations in the complaint as true. With a factual attack, the defendant goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends." *Id*. at 1003. In such an attack, the court "has wide discretion to allow

4

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Id.

It appears to the court that Long Ears Club is making a facial attack with respect to Gibson's standing as it is challenging the sufficiency of the allegations in the complaint. It is not specifically challenging the facts which have been alleged. Thus, the same standard applies for both Long Ears Club's Rule 12(b)(1) and Rule 12(b)(6) challenges. Muscogee (Creek) Nation v. Oklahoma Tax Com'n, 611 F.3d 1222, 1227 n. 1 (10th Cir. 2010). In other words, in ascertaining the complaint's sufficiency, the court must accept the allegations in the complaint as true. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

Accepting the well-pleaded factual allegations of the complaint as true, the court concludes that Gibson has alleged sufficient facts to establish her standing to bring the Lanham Act claims.

Assuming without deciding that the "reasonable interest to be protected" test, discussed in Hutchinson v. Pfeil, 211 F.3d 515, 520 (10th Cir. 2000), and Stanfield v. Osborne Industries, Inc., 52 F.3d 867, 873 (10th Cir. 1995), and advocated by Long Ears Club at doc. no. 15, ECF p. 3, applies to Gibson's "false association" claim,[3] the court is satisfied that Gibson has sufficiently alleged facts, based on that test, to establish standing. As stated by the Tenth Circuit, "[t]hose with standing to bring a [false association] claim include parties with a commercial interest in the product wrongfully identified with another's mark, ... or with a commercial interest in the misused mark." Stanfield, 52 F.3d at 873. Gibson has sufficiently alleged facts to establish a commercial interest in her image. Indeed, she has alleged that she has

---

[3] See, e.g., Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 710-12 (4th Cir. 2016) (applying the two-prong standing test for Lanham Act "false advertising" claim—zone of interests and proximate causality—established in Lexmark International Inc. v. Static Control Components Inc., 572 U.S. 118, 219 (2014), to a Lanham Act "false association" claim).

the right to control the commercial exploitation of her image and has maintained that right. There are no allegations for the court to conclude that Gibson has not maintained an interest in, and the right to control, the image in the retail packaging which Long Ears Club acknowledges that it has posted.

The court also concludes that as to the "false advertising" claim, Gibson has sufficiently alleged a commercial injury to her reputation. The court concludes that the well-pleaded factual allegations in Gibson's complaint, accepted as true, are adequate to satisfy the Lexmark requirements for standing.

Further, the court declines to dismiss Gibson's Lanham Act claims based on the "first sale" doctrine. As stated by the Tenth Circuit, "[i]t is the essence of the 'first sale' doctrine that purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act." Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1241 (10th Cir. 2006) (quotation marks and citation omitted). "When a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation under the statute." Id. Here, however, the allegations of Gibson's complaint do not indicate any reselling by Long Ears Club of a product, i.e., the nurse's novelty costume, with Gibson's image. Rather, the allegations indicate that Long Ears Club was using Gibson's image to advertise and promote the club to the public at large. In Australian Gold, Inc., the Tenth Circuit concluded that the first sale doctrine "does not protect resellers who use other entities' trademarks to give the impression that they are favored or authorized dealers for a product when in fact they are not." Id. at 1241. Gibson's complaint indicates that the use of her image was to falsely represent that she endorsed, was affiliated with, was associated with, would perform at, or agreed to advertise the club. The court is not convinced that Gibson's Lanham Act claims are barred under the "first sale" doctrine.

6

Lastly, Long Ears Club posits that should the court dismiss Count I of Gibson's complaint, the court should likewise dismiss Counts II through VII, alleging violations of, and seeking relief under, Oklahoma statutory and common law, for lack of subject matter jurisdiction. Long Ears Club states that the complaint does not support the court's exercise of diversity jurisdiction over Counts II and VII. However, given the court has concluded that dismissal of Count I is not warranted, the court concludes that dismissal of Counts II through VII is not appropriate on jurisdictional grounds.

For the reasons stated, Defendant's Motion to Dismiss (doc. no. 15) is **DENIED**.

DATED this 12th day of January, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0628p005.docx